IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH A. LASSITER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EQUIFAX INFORMATION SERVICES, § <br> LLC; BANK OF AMERICA, NATIONAL § <br> ASSOCIATION; DISCOVER BANK; § <br> CAPITAL ONE BANK (USA) § <br> NATIONAL ASSOCIATION; and § <br> DOES 1 THROUGH 100 INCLUSIVE, § <br> § <br> Defendants. § | Civil Action No. 5:21-cv-1196 |

### DISCOVER BANK'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Discover Bank ("Discover") hereby files its Motion for Summary Judgment (the "Motion") on all claims asserted against it by Plaintiff Elizabeth Lassiter ("Plaintiff"), and respectfully states as follows:

### I.   INTRODUCTION AND SUMMARY OF MOTION

In Plaintiff's Complaint, she alleges that Discover committed willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA") by failing to update its reporting to Equifax on her revolving credit account with Discover (the "Account") to reflect that the past-due balance she owed on the Account was discharged in her Chapter 7 bankruptcy (the "Bankruptcy") in 2021. However, Plaintiff and Discover settled her Account for less than the amount owed on May 21, 2019, and Plaintiff fully funded the settlement by August 30, 2019—long before the Bankruptcy. As such, as set forth below in more detail, Discover has at all times correctly reported her Account as being settled for less than the amount owed, so Plaintiff does not have a valid FCRA claim.

## II.     UNDISPUTED FACTS[1]

**A.     The Account**

On or about November 3, 2015, Plaintiff jointly applied for a credit card with Discover.[2] Plaintiff's application was approved by Discover, and pursuant to the Cardholder Agreement, she was issued a revolving credit account with a limit of $2,700 (as defined herein, the "Account").[3]

**B.     The Settlement of the Past Due Account**

Beginning in February of 2019, Plaintiff ceased making her regularly scheduled monthly payments on the Account.[4] As a result of Plaintiff's missed payments, the Account had amassed a total balance of $3,001 by May 16, 2019 and Discover attempted to collect the amount owed.[5]

On May 21, 2019, Plaintiff entered into an agreement with Discover to settle her past due balance on the Account for the total sum of $2,109.77.[6] As a result of this agreement, Discover closed Plaintiff's Account and "Charged-Off" the balance owed on May 31, 2019.[7] Plaintiff made her final payment to Discover pursuant to the settlement agreement on August 30, 2019.[8]

**C.     The Account Reporting**

Beginning in September of 2019, Discover began reporting Plaintiff's Account to the three primary credit bureaus—Transunion, Experian, and Equifax—as "Charged-Off" with a "Current Balance" of $0, no "Past Due Balance," and no monthly payment due.[9]

---

[1] The summary judgment evidence referenced in this motion, with the exception of the pleadings on file, is contained in the Appendix in Support of Defendant's Discover Bank's Motion for Summary Judgment ("Appendix") filed simultaneously herewith.  Discover will cite the evidence in the Appendix by page number (i.e., App. __ ).
[2] App. 002.
[3] App. 002.
[4] App. 002.
[5] App. 002.
[6] App. 002.
[7] App. 002.
[8] App. 002.
[9] App. 002.

D.  **The Bankruptcy**

On December 29, 2020, Plaintiff and her husband, Narvel Lassiter, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (Case No. 20-52074-CAG).[10]  An entity referred to as "Discover Financial" is identified in the list of unsecured creditors in the Lassiters' bankruptcy petition.[11]  However, this debt is listed as belonging solely to Mr. Lassiter and the amount of the claim as $0.00.[12]  Discover is not listed anywhere else in the bankruptcy petition.  On April 9, 2021, the bankruptcy court entered an order discharging all debts properly identified in the bankruptcy petition ("Bankruptcy Order").[13]

E.  **The Credit Dispute on the Account**

On May 25, 2021, Discover received an Automated Credit Dispute Verification ("ACDV") from all three credit reporting agencies informing Discover that Plaintiff believed her account was being reporting incorrectly.[14]  Discover conducted a thorough investigation and determined that Plaintiff's account was being reported correctly.[15]  Discover reported to Equifax as follows:



[16]

---

[10] App. 012.
[11] App. 040.
[12] App. 040.
[13] App. 166–67.
[14] App. 002.
[15] App. 002–003.
[16] App. 003, 008–11.

---

**DISCOVER BANK'S MOTION FOR SUMMARY JUDGMENT**                                     Page 3

In sum, Discover reported that the Account was "Paid or closed account/zero balance," that it was "paid in full for less than the full balance," and that it was "Charged-Off" with a "Current Balance" of $0, no "Past Due Balance," and no monthly payment due.[17] Consistent with the settlement, Discover reported that the last payment was made by Plaintiff on August 30, 2019.[18]

**F.     The Lawsuit**

On December 6, 2021, Plaintiff filed this lawsuit alleging, *inter alia*, that Discover committed willful and/or negligent violations of the FCRA by failing to update its reporting to Equifax[19] to reflect that the Account was discharged by the Bankruptcy Order of April 9, 2021.[20] Specifically, Plaintiff claims that Discover violated Section 1681s-2(b) of the FCRA by failing to conduct a reasonable investigation and re-reporting "misleading and inaccurate account information" regarding the Account after receiving the May 25, 2021 ACDV from Equifax.[21]

### III.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). "[T]he substantive law will identify which facts are material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only disputes about material facts will preclude summary judgment. *See id*. The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *See Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir.1990). If the non-movant bears the burden

---

[17] App. 003, 009–10.
[18] App. 003, 009.
[19] Plaintiff does not allege that Discover's reporting to either Transunion or Experian is actionable.
[20] Dkt. 1, p. 20.
[21] *Id*.

of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *See id.* Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *See id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *See Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *See id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *See Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir.2000); *see also Anderson*, 477 U.S. at 248. As set forth below, Discover has met its burden and summary judgment is appropriate.

### IV.  ARGUMENTS AND AUTHORITIES

**A.   Applicable Law**

To succeed on her claims brought pursuant to Section 1681s-2(b) of the FCRA, Plaintiff must establish that she: (1) notified Equifax of inaccurate information; (2) Equifax notified Discover of the dispute; and, (3) that Discover failed to conduct an investigation, correct any inaccuracies, and/or failed to notify the consumer reporting agency of the results of the investigation.[22] *Ostiguy v. Equifax Info. Services, LLC*, No. 5:16-CV-790-DAE, 2017 WL

---

[22] Discover does not dispute the first and second elements of Plaintiff's FCRA claim.

1842947, at *5 (W.D. Tex. May 4, 2017). Importantly for purposes of this Motion, as a threshold matter, Plaintiff is required to establish that the information Discover provided to Equifax regarding the Account was either "patently incorrect," or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). This is because it would be impossible to establish damages without first providing inaccuracy. *See Ostiguy,* 2017 WL 1842947, at *5 (*citing Chiang v. Verizon New England,* 595 F.3d 26, 38 (1st Cir. 2010) (noting that it is "'difficult to see how a plaintiff could prevail on a claim for damages' based on an unreasonable investigation of disputed data 'without a showing that the disputed information ... was, in fact, inaccurate.'")). "Mere imprecision does not render information inaccurate" for purposes of the FCRA. *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 798 (N.D. Tex. 2014).

**B.    Discover's Reporting is Not Incorrect or Misleading under the FCRA**

Here, Plaintiff's FCRA claims against Discover fail as a matter of law because the summary judgment evidence conclusively establishes that the information provided by Discover to Equifax related to the Account was neither patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *See Sepulvado*, 158 F.3d at 895. The sole inaccuracies asserted in Plaintiff's Complaint related to the Account are Discover's reporting the Account to Equifax as "Charged-off" and failing to include a notation that the Account was discharged by Plaintiff's Bankruptcy in April of 2021 as part of the Bankruptcy Order. However, Plaintiff's argument fails for three main reasons.

**1.    Plaintiff's Account was Not Part of the Bankruptcy**

As an initial matter, there is nothing inaccurate about Discover's failure to include a notation regarding the Bankruptcy Order because Plaintiff's debt to Discover related to the

Account was not, in fact, discharged in bankruptcy as it was settled prior to her Bankruptcy. In order to have a debt discharged in bankruptcy, a debtor is required to identify the creditor and the amount of the claim in their bankruptcy petition. *See* 11 U.S.C. § 521(a)(1)(A). If a debtor fails to include a debt in their petition, that debt cannot be discharged by the bankruptcy court. *See* 11 U.S.C. § 523(a)(3); *see also Ellett v. Stanislaus*, 506 F.3d 774, 781 (9th Cir. 2007) (holding that debtor failed to provide proper notice to creditor where he accidently used incorrect social security number on bankruptcy petition, even though creditor had actual notice of bankruptcy proceedings and could have identified debtor through other means). Here, Plaintiff completely fails to identify Discover as a creditor in her bankruptcy petition. The only debt related to a Discover entity identified in the bankruptcy petition is that owed to "Discover Financial," but even that debt is identified as belonging solely to Mr. Lassiter, or "Debtor 1" in the bankruptcy petition. Therefore, any debt owed by Plaintiff related to the Account was not discharged by the Bankruptcy Order because Plaintiff failed to provide proper notice to Discover as required by law. *See id.*

## 2. Discover Correctly Reported the Account

Second, even if the Court finds that Discover did receive adequate notice, any debt owed by Plaintiff was not discharged by the Bankruptcy Order because any debt related to the Account was discharged several years prior to the Bankruptcy Order pursuant to the settlement between Plaintiff and Discover, so Discover was not required to include a reference to the Bankruptcy when reporting the Account. In this regard, Plaintiff made her final payment to Discover pursuant to the settlement on August 30, 2019.[23] Moreover, Mr. Lassiter confirmed that nothing was owed to "Discover Financial" as part of the Bankruptcy, as he states that the amount owed at that time as "$0.00." As a result, there was no debt owed to Discover that could have been discharged by the

---

[23] App. 002.

Bankruptcy Order, and Discover was not required to include a reference to the Bankruptcy when it reported the Account to the credit reporting agencies. *See Morris v. Experian Info. Sols., Inc.,* No. 20-cv-0604 (PJS/HB), 2020 WL 4703900, at *3 (D. Minn. Aug. 13, 2020) (noting that "a non-existent debt cannot be discharged in bankruptcy"); *Turner v. Experian Info. Sols., Inc.*, No. 1:20-CV-1493-TCB-JCF, 2020 WL 13133047, at *4 (N.D. Ga. Nov. 13, 2020), report and recommendation adopted, No. 1:20-CV-1493-TCB, 2021 WL 7708314 (N.D. Ga. Feb. 11, 2021).

For example, in *Turner,* plaintiff had a "Fingerhut Account" that was being reported by the credit reporting agencies as having a balance of $877 in July of 2019 and as being 60 days late as of August 2019. *Turner*, 2020 WL 13133047, at *1. Thereafter, the Fingerhut Account was reported as paid and closed with no reported balance in August 2019. *Id.*, at *5. Plaintiff filed for Chapter 7 bankruptcy on or about July 19, 2019 and was discharged on or about October 25, 2019. *Id.,* *1. Plaintiff then sued Experian, Equifax, TransUnion under § 1681e(b) of the FCRA for failing to report that the Fingerhut Account was discharged as part of her bankruptcy. *See id.*

Experian filed a motion to dismiss plaintiff's complaint for failure to state a claim, arguing that plaintiff had failed to state a claim under § 1681e(b) because she does not sufficiently allege an inaccuracy in the subject credit report. Specifically, Experian asserted that plaintiff's Fingerhut Account could not have been included in her bankruptcy discharge, because it was paid and closed with no reported balance before the bankruptcy was discharged in October 2019. *Id.,* at *3. As a result, it was not inaccurate to omit a reference to plaintiff's discharge on the subject tradeline. *Id*.

The Court agreed and dismissed plaintiff's claim. *Id.,* at *6. The Court held that the 2020 report that is the subject of plaintiff's claim was not technically inaccurate, and that that report was not misleading or incomplete for failing to note the Fingerhut Account was discharged in bankruptcy because it was reported as paid and closed with no balance prior to plaintiff's

discharge. *Id.* Moreover, because Experian reported the Fingerhut Account as paid and closed with no reported balance in August 2019, no reader of the report could be misled into thinking plaintiff still owes that debt. *Id.* Therefore, Experian's reporting of the Fingerhut Account was not inaccurate under § 1681e(b), and the Court held that Plaintiff's claim failed as a matter of law. *Id.*

The same result is appropriate here. Discover reported that the Account was "Paid or closed account/zero balance," that it was "paid in full for less than the full balance," and that it was "Charged-Off" with a "Current Balance" of $0, no "Past Due Balance," and no monthly payment due.[24] Additionally, Discover reported that the last payment was made by Plaintiff on August 30, 2019.[25] Therefore, Discover's reporting of the Account is accurate and is not misleading or incomplete for failing to note the Account was discharged in Plaintiff's Bankruptcy because it was reported as paid and closed with no balance prior to Plaintiff's discharge, and continued to be correctly reported without a bankruptcy notation following the discharge.

### 3. Even if the Account was Discharged, Plaintiff's FCRA Claim Fails

Finally, even if the Court concludes that any debt owed by Plaintiff related to the Account was discharged by the Bankruptcy Order, it is not a violation of the FCRA for Discover not to specifically reference that in its reporting so long as it would not be expected to mislead a reader into believing that Discover was still entitled to recover a debt from Plaintiff. *See Sepulvado*, 158 F.3d at 895. Courts have consistently held that reporting a debt as "Charged-off" even after the claim was discharged in bankruptcy is not inaccurate or misleading so long as it is clear the debtor has no further obligations related to the debt at issue. *See, e.g., Gibbs v. LendingClub Corp.,* No. 1:19-CV-3330-MHC-JSA, 2021 WL 5027502, at *7 (N.D. Ga. July 12, 2021) (holding that listing debt as charged-off was not inaccurate, even though they had been discharged through bankruptcy,

---

[24] App. 003, 009–10.
[25] App. 009.

where report made clear that there was no balance due on the debt); *Cardinali v. Plusfour, Inc.*, No. 216CV02046JADNJK, 2019 WL 4723071, at *9 (D. Nev. Sept. 26, 2019) (same). The FTC has also interpreted the FCRA in this manner, stating that "[a] consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports zero balance to reflect that fact that the consumer is no longer liable for the discharged debt." *See* Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Report with Summary of Interpretations (July 2011), pp. 55-56. This is permitted because nothing in the FCRA was intended to prevent facts regarding prior non-payment and delinquencies from appearing on a consumer's credit report. *See Abeyta v. Bank of Am.,* No. 215CV02320RCJNJK, 2016 WL 1298109, at *2 (D. Nev. Mar. 31, 2016).

Here, Discover continuing to report the Account as "Charged-off" and not specifically notating that the debt was discharged by the Bankruptcy Order is not inaccurate or misleading because Discover's report to Equifax also makes clear that the account was closed and settled prior to Bankruptcy Order and that the Account has a zero balance. *See, Gibbs,* 2021 WL 5027502, at *7 (N.D. Ga. July 12, 2021); *Cardinali,* 2019 WL 4723071, at *9. Based on the information contained in Discover's report to Equifax, no one reviewing the report could reasonably believe that Discover is still entitled to recover anything from Plaintiff on this debt because it identifies the account as "Closed," lists the "Balance" as $0, and does not identify any Monthly Payment or Past Due Amounts. *See id.* Therefore, Plaintiff cannot establish that Discover's failure to include a reference to the Bankruptcy renders its report either inaccurate or misleading, which is an essential element of her FCRA claim, even if the Account was in fact discharged as part of Plaintiff's Bankruptcy. As a result, Discover is entitled to summary judgment as a matter of law on all claims asserted against it by Plaintiff in this lawsuit and the Motion should be granted.

## V.     PRAYER

**WHEREFORE PREMISES CONSIDERED**, Discover prays that Plaintiff take nothing by her claims; Plaintiff's claims be dismissed with prejudice; and Discover be awarded its attorneys' fees, costs, and all further relief to which it may be justly entitled at law or in equity.

Dated: October 6, 2022

Respectfully submitted,

By: */s/ Ryan K. McComber*
    Ryan K. McComber
    Texas Bar No. 24041428
    ryan.mccomber@figdav.com
    Dwayne I. Lewis II
    Texas Bar No. 24097996
    dwayne.lewis@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR DEFENDANT DISCOVER BANK**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

    */s/ Ryan K. McComber*
    Ryan K. McComber